UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CLARA WHITEHEAD, et al.        ] | Case No. SA-09-CA-316-FB |
| ] | |
|               *Plaintiffs*,        ] | |
| ] | |
| v.        ] | |
| ] | |
| HIDDEN TAVERN, INC.,        ] | |
| ] | |
|               *Defendants*.        ] | |
| _____] | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON DAMAGES**

Hidden Tavern, Inc. (Hidden Tavern) violated tip credit provisions of the Fair Labor Standards Act (FLSA) and, therefore, failed to pay Plaintiffs the required minimum wage (docket #26). Magistrate Judge Nowak is to determine the appropriate damages. *Id.* The Court can readily calculate these damages by reference to the terms of the statute and Hidden Tavern's payroll records. Therefore, summary judgment is appropriate.

**1.      THE MEASURE OF DAMAGES.**

An employer that violates the FLSA's tip credit provisions owes its tipped employees the difference between the applicable minimum wage and the wage paid by the employer. 29 U.S.C. § 203(m); *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 695 (W.D. Tex. 2009). In addition, the impacted workers are entitled to an amount equal to their unpaid wages as liquidated damages. 29 U.S.C. § 216(b). Thus, to calculate the damages owed for each period of employment, the Court need only determine the applicable minimum wage and the wage paid for the hours worked in the period. 29 U.S.C. §§ 203(m) & 216(b).

**2.     ARGUMENT.**

From September 1, 1997 until July 23, 2007, the applicable minimum wage was $5.15. From July 24, 2007 to July 23, 2008, the minimum wage was $5.85. From July 24, 2008 to July 23, 2009, the minimum wage was $6.55 per hour. 29 U.S.C. § 206(a)(1).[1]

Hidden Tavern recorded the hours worked by, and wages paid to, Plaintiffs and produced these records in this case.[2] *See* Exhibit 1 and Exhibit A thereto (Hidden Tavern's Payroll Records). Hidden Tavern's records therefore establish the wage paid for each hour worked by Plaintiffs. *Id.* By comparing these records with the applicable minimum wage, Plaintiffs calculate their damages (including liquidated damages) as summarized below:

| Monique Howe     |        |           |              |              |              |             |
|------------------|--------|-----------|--------------|--------------|--------------|-------------|
| Pay period       | hours  | Wage Paid | Minimum Wage | Difference per Hour | Minimum Wages Owed | Total Damages |
| 1/8-7/23/07      | 507.83 | $2.25     | $5.15        | $ 2.90       | $ 1,472.71   | $ 2,945.41  |
| 7/24/07-7/23/08  | 861.2  | $2.25     | $5.85        | $ 3.60       | $ 3,100.32   | $ 6,200.64  |
| 7/24/08 - 4/15/09| 575.15 | $2.25     | $6.55        | $ 4.30       | $ 2,473.15   | $ 4,946.29  |
|                  |        |           |              |              | $ 7,046.17   | $ 14,092.34 |

| Michael Huddleston |        |           |              |                     |                    |               |
|--------------------|--------|-----------|--------------|---------------------|--------------------|---------------|
| Pay period         | hours  | Wage Paid | Minimum Wage | Difference per Hour | Minimum Wages Owed | Total Damages |
| 1/8-7/23/07        |        |           | $5.15        | $ 2.90              | $      -           | $      -      |
| 7/24/07-7/23/08    | 55.02  | $2.25     | $5.85        | $ 3.60              | $   198.07         | $   396.14    |
| 7/24/08 - 4/15/09  | 447.19 | $2.25     | $6.55        | $ 4.30              | $ 1,922.92         | $ 3,845.83    |
|                    |        |           |              |                     | $ 2,120.99         | $ 4,241.98    |

---

[1]     The minimum wage is now $7.25 per hour but this is irrelevant for our purposes here.
[2]     Employers must also keep accurate records of the hours worked by, and wages paid to, their employees. 29 U.S.C. § 211(c). Failure to keep adequate records can preclude an employer from establishing an entitlement to a tip credit. *See also Bingham v. Airport Limousine Service*, 314 F.Supp. 565, 572 (W.D.Ark. 1970) (failure to keep records precluded employer for showing entitlement to Section 203(m) tip credit); *Brennan v. Ledet*, 1974 WL 1088, at *1 (E.D. La. Mar. 1, 1974) (same).

| Clara Whitehead | | | | | | |
|---|---|---|---|---|---|---|
| Pay period | hours | Wage Paid | Minimum Wage | Difference per Hour | Minimum Wages Owed | Total Damages |
| 1/8-7/23/07 | | | $5.15 | $ 2.90 | $ - | $ - |
| 7/24/07-7/23/08 | 1161.58 | $2.25 | $5.85 | $ 3.60 | $ 4,181.69 | $ 8,363.38 |
| 7/24/08 - 4/15/09 | 241.43 | $2.25 | $6.55 | $ 4.30 | $ 1,038.15 | $ 2,076.30 |
| | | | | | $ 5,219.84 | $ 10,439.68 |

| Amanda Whiting | | | | | | |
|---|---|---|---|---|---|---|
| Pay period | hours | Wage Paid | Minimum Wage | Difference per Hour | Minimum Wages Owed | Total Damages |
| 1/8-7/23/07 | 623.31 | $2.25 | $5.15 | $ 2.90 | $ 1,807.60 | $ 3,615.20 |
| 7/24/07-7/23/08 | 1030.27 | $2.25 | $5.85 | $ 3.60 | $ 3,708.97 | $ 7,417.94 |
| 7/24/08 - 4/15/09 | 916.2 | $2.25 | $6.55 | $ 4.30 | $ 3,939.66 | $ 7,879.32 |
| | | | | | $ 9,456.23 | $ 18,912.46 |

The Court should grant summary judgment because these damages are not subject to reasonable dispute.

**3.    CONCLUSION.**

This Court granted summary judgment on liability (docket #26).  All that remains is the nearly clerical task of awarding the unpaid wages and liquidated damages owed to Plaintiffs.[3]  Therefore, Plaintiffs respectfully request the Court award:

(1)    Monique Howe $14,092.34;

(2)    Michael Huddleston $4,241.98;

(3)    Clara Whitehead $10,439.67; and

(4)    Amanda Whiting $18,912.46.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

/S/ Rex Burch
By: _____
Richard J. (Rex) Burch
State Bar No. 24001807
1415 Louisiana St., Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

**AND**

**DEBES LAW FIRM**
Robert R. Debes, Jr.
State Bar No. 05626150
Federal ID No. 12308
17 South Briar Hollow Lane,
Suite 302
Houston, Texas 77027
Telephone: (713) 623-0900
Facsimile: (713) 623-0951

## CERTIFICATE OF SERVICE

I served a copy of this document on all parties via the Court's ECF system on July 25, 2011.

/S/ Rex Burch
_____
Richard J. (Rex) Burch

---

[3] While the Court will still have to resolve the issue of attorney's fees and costs, 29 U.S.C. § 216(b), this will not prevent the entry of judgment.