UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **Clara Whitehead, on Behalf of** § | | |
| **Herself and Others Similarly Situated,** § | | |
| § | | |
| **Plaintiffs,** § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| **Hidden Tavern, Inc.,** § | | SA-09-CV-0316 FB (NN) |
| § | | |
| **Defendant.** § | | |

**REPORT AND RECOMMENDATION**

TO:   Honorable Fred Biery
       Chief United States District Judge

This report and recommendation addresses the plaintiffs' damages.  Previously, the district court entered summary judgment in favor of the plaintiffs on the question of the defendant's liability under the Fair Labor and Standards Act (the Act).  The district court referred the question of damages to me for a recommendation.[1]

**The plaintiffs' entitlement to damages**.  The Act requires an employer to pay its employees a minimum hourly rate for hours worked.[2]  The Act allows an employee to sue her employer for failing to pay her minimum wage for hours worked and to recover

---

[1]Docket entry # 26.

[2]29 U.S.C. § 206.

unpaid wages.[3]  The district court's summary judgment ruling determined the plaintiffs are entitled to recover unpaid minimum wages.

**Calculation of damages**.  To determine damages, I first conducted a hearing to determine whether the parties could agree to the plaintiffs' damages.  I determined that the parties cannot agree. I then directed the plaintiffs to submit their evidence of damages.  The plaintiffs moved for summary judgment on damages and presented documentary evidence of their unpaid minimum wages.[4]  The defendant-employer did not respond to the plaintiffs' motion.

<u>Unpaid wages</u>.  The Act specifies the minimum wage.  The following minimum wage applies to the plaintiffs during the relevant time periods:

| | |
|---|---|
| Sept. 1, 1997 to July 23, 2007: | $5.15 per hour |
| July 24, 2007 to July 23, 2008: | $5.85 per hour |
| July 24, 2008 to July 23, 2009: | $6.55 per hour |
| beginning July 24, 2009: | $7.25 per hour |

In certain circumstances, an employer can pay less than minimum wage and obtain a "tip credit" for an employee's tips, but the district court determined the defendant-

---

[3]*See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 [minimum wage provision]…of this title shall be liable to the employee or employees affected in the amount of their *unpaid minimum wages*…and in an additional equal amount as liquidated damages….") (italics added).

[4]Docket entry # 34.

employer failed to raise a fact question about its entitlement to the tip-credit.[5]  Thus, the plaintiffs are entitled to the full amount of their unpaid minimum wage, calculated as the difference in what they were paid for hours worked and the minimum wage rate for all hours worked.

The plaintiffs presented documentary evidence of their hours worked and the hourly rate at which they were paid.  I verified the accuracy of the plaintiffs' calculations.  Based on the plaintiffs' verified calculations, damages are appropriate in the amounts shown below:

| | |
|---|---|
| Monique Howe | $7,046.17 |
| Michael Huddleston | $2,120.99 |
| Clara Whitehead | $5,219.84 |
| Amanda Whiting | $9,456.23 |

The Act also provides for an additional equal amount as liquidated damages.  Adding an equal amount for liquidated damages, the total amount of damages is totaled below:

| | |
|---|---|
| Monique Howe | $14,092.34 |
| Michael Huddleston | $ 4,241.98 |
| Clara Whitehead | $10,439.68 |
| Amanda Whiting | $18,912.46 |

**Recommendation**.  Based on the foregoing discussion, I recommend the following amounts as an award of damages:

---

[5]*See* 29 U.S.C. § 203(m).

| | |
|---|---|
| Monique Howe | $14,092.34 |
| Michael Huddleston | $ 4,241.98 |
| Clara Whitehead | $10,439.68 |
| Amanda Whiting | $18,912.46 |

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[6]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[7]  Additionally, failure to file timely written

---

[6]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[7]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[8]

    **SIGNED** on October 5, 2011.

*[signature]*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).